J-S36032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF G.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.A., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 410 WDA 2022 |

Appeal from the Order Entered March 29, 2022
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  76 Adopt 2018

| | | |
|---|---|---|
| IN RE: ADOPTION OF P.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.A., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 411 WDA 2022 |

Appeal from the Order Entered March 29, 2022
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  77 ADOPT 2018

| | | |
|---|---|---|
| IN RE: ADOPTION OF: D.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.A., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 412 WDA 2022 |

Appeal from the Order Entered March 29, 2022
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  Case No. 78 Adopt 2018

J-S36032-22

BEFORE:   STABILE, J., KING, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED: DECEMBER 28, 2022**

A.A. ("Father") appeals from the decrees entered March 29, 2022 that granted the petitions of the Fayette County Child and Youth Services ("CYS"), and involuntarily terminated his parental rights to his daughters, D.A. (born September 2012) and P.A. (born June 2015), and his son, G.A. (born July 2016) (collectively, "the Children").[1]  After careful review, we affirm.

The Children were adjudicated dependent on September 28, 2017, after CYS had become involved with the family following reports of housing concerns (no heat or electricity in the house and the Children being dirty and uncared for), as well as domestic violence and mental health concerns for both Father and J.A. ("Mother").[2]  N.T., 3/24/22 ("N.T."), at 5.   The Children were

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Mother's parental rights to the Children were also terminated.  Mother has appealed the decrees entered on March 29, 2022 at 387 WDA 2022, 388 WDA 2022, and 389 WDA 2022.

[2] CYS's amended petition for involuntary termination of parental rights indicates that following the adjudication of dependency, and prior to the reports of sexual abuse, a goal plan was established for Father which included, *inter alia*, addressing domestic violence issues, obtaining a mental health evaluation and attending all scheduled mental health appointments, obtaining appropriate housing free from any safety and health hazards, obtaining medical care for the Children as needed, assuring the Children have adequate food, shelter and clothing, and attending visitation with the Children consistently.   Amended Petition for Involuntary Termination of Parental Rights, 10/25/21.  CYS reported that Father failed to complete the goals set for him and failed to make progress on addressing the issues that led to the placement of the Children.  **Id**.  After Father was indicated as a perpetrator of sexual assault by commission against P.A. and G.A. and a perpetrator of
*(Footnote Continued Next Page)*

- 2 -

initially placed together in the Rockwell Foster Home, and remained together until August 8, 2018, when CYS received a number of reports from Child Protective Services alleging sexual abuse that listed Father and Mother as perpetrators and the Children as victims, and that D.A. had reported a need to sexually abuse her siblings. *Id*. at 6. D.A. was then moved to a new placement, with a foster mother, and P.A. and G.A. were placed together with new foster parents, and the Children have remained in their respective placements since then. *Id*.

CYS reported the allegations of abuse to the police, and both Father and Mother were arrested in August 2018 and charged with numerous criminal offenses related to the alleged sexual abuse and neglect of the Children; however, the Criminal Information filed against both Father and Mother named D.A. as the lone victim.[3] Father was convicted by a jury, on July 10, 2019, of seven counts, including rape of a child; involuntary deviate sexual intercourse (with a child under age 13); aggravated indecent assault (of a child under age 13); indecent assault; endangering the welfare of children; corruption of

_____

involuntary deviate sexual intercourse and sexual assault of D.A. by commission, the goal plan review completed in July 2018 added the goal of completing sexual offender treatment; however Father never sought assessment or treatment for sexual abuse issues. *Id*.

[3] The trial court noted CYS's acknowledgment that the convictions were only as to D.A., but the caseworker testified that Father and Mother were also indicated for sexual abuse against both P.A. and G.A. Orphans' Court Opinion at 18; N.T. at 15. At the hearing, counsel for CYS stated that the Criminal Information was not filed against P.A. and G.A. because they were not old enough to testify at trial. N.T. at 15-16.

minors; and sexual assault. Father was sentenced to seventeen to forty years of imprisonment.[4] N.T. at 9-10, Petitioner's Exhibits 4 and 5.

Initially, CYS filed petitions for involuntary termination of parental rights against both Father and Mother on December 21, 2018;[5] however, the petitions were continued generally pending disposition of the criminal charges against Father and Mother. Following the convictions, CYS amended its petitions on October 26, 2021 and at the time set for the hearing, it proceeded solely on the grounds for involuntary termination under 23 Pa.C.S. § 2511(a)(10) and (b).

On March 24, 2022, the orphans' court conducted evidentiary hearings on the petitions. CYS presented the testimony of Marissa Engle, the on-going caseworker for the Children. The Children were represented by James Geibig, Esq., as guardian *ad litem*. After CYS rested its case, Father moved for a continuance, arguing that although his conviction had been affirmed on appeal to this Court, he was still litigating pursuant to the Post Conviction Relief Act and his criminal case had not yet been fully resolved.[6] N.T. at 17. The court

---

[4] Mother was convicted of indecent assault – person less than 13 years of age, corruption of minors, and endangering the welfare of children. Mother was sentenced to three to seven years in prison. N.T. at 8-9, Petitioner's Exhibits 1 and 2.

[5] The original petitions to involuntarily terminate both Father's and Mother's rights to the Children were filed pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5) and (8).

*(Footnote Continued Next Page)*

denied the motion, explaining that "the statute requires only a conviction and not finality of the judgment," *see* Orphans' Court Opinion at 4, and granted the petitions for involuntary termination of parental rights.

On appeal, Father raises a sole question for our review:

> Did the lower court err by proceeding with the hearing on the petition to terminate parental rights in the above captioned case before the final judgment in Father's criminal case, when the termination of Father's parental rights are based on the facts of his criminal case?

Father's Brief at 3.

We review Father's claim mindful of our well-settled standard of review: "[i]n cases concerning the involuntary termination of parental rights, appellate review is limited to a determination of whether the decree of the termination court is supported by competent evidence." *In re Adoption of C.M.*, 255 A.3d 343, 358 (Pa. 2021). When applying this standard, the appellate court must accept the trial court's findings of fact and credibility determinations if they are supported by the record. *Interest of S.K.L.R.*, 256 A.3d 1108, 1123 (Pa. 2021). "Where the trial court's factual findings are supported by the evidence, an appellate court may not disturb the trial court's ruling unless it has discerned an error of law or abuse of discretion." *In re Adoption of L.A.K.*, 265 A.3d 580, 591 (Pa. 2021).

---

[6] In its opinion, the orphans' court noted that Father's direct appeal was denied by this Court on March 5, 2021, no further appeal was taken, and post-conviction proceedings have been pending since May 2021. Orphans' Court Opinion at 6-7.

In considering a petition to terminate parental rights, a trial court must balance the parent's fundamental "right to make decisions concerning the care, custody, and control" of his or her child with the "child's essential needs for a parent's care, protection, and support." *C.M.,* 255 A.3d at 358. Termination of parental rights has "significant and permanent consequences for both the parent and child." *L.A.K.*, 265 A.3d at 591. As such, the law of this Commonwealth requires the moving party to establish the statutory grounds by clear and convincing evidence, which is evidence that is so "clear, direct, weighty, and convincing as to enable a trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *C.M.*, 255 A.3d at 359 (citation omitted).

Termination of parental rights is governed by Section 2511 of the Adoption Act, 23 Pa.C.S. §§ 2101-2938, which requires a bifurcated analysis:

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted). Here, the orphans' court terminated Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(10) and (b). Section 2511 provides, in relevant part, as follows:

- 6 -

**§ 2511. Grounds for involuntary termination**

**(a)  General rule.—**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

- - -

(10) The parent has been found by a court of competent jurisdiction to have committed sexual abuse against the child or another child of the parent based on a judicial adjudication equivalent to an offense in subparagraph 1(i), (ii), (iii) or (iv) or (4) of the definition of "**founded report**" in section 6303(a) (relating to definitions) where the judicial adjudication is based on a finding of "sexual abuse or exploitation" as defined in section 6303(a).

- - -

**(b) Other considerations.—**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child.  The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent…

23 Pa.C.S. § 2511(a)(10), and (b) (emphasis supplied).

Section 6303(a) defines "founded report" as occurring when,

(1) There has been a judicial adjudication based on a finding that a child who is a subject of the report has been abused and the adjudication involves the same factual circumstances involved in the allegation of child abuse.  The judicial adjudication may include any of the following:

- - -

    (ii) a finding of guilt to a criminal charge.

- - -

23 Pa.C.S. § 6303(a).

The relevant portions of Section 6303 define "sexual abuse or exploitation" to include any of the enumerated offenses committed against a child including:

> (i) Rape as defined in 18 Pa.C.S. § 3121 (relating to rape).
>
> - - -
>
> (iii) Involuntary deviate sexual intercourse as defined in 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse).
>
> - - -
>
> (vi) Aggravated indecent assault as defined in 18 Pa.C.S. § 3125 (relating to aggravated indecent assault).
>
> (vii) Indecent assault as defined in 18 Pa.C.S. § 3126 (relating to indecent assault).

23 Pa.C.S. § 6303.

Before this Court, Father argues that his criminal convictions cannot be the sole basis for the termination of his parental rights when all litigation involving such convictions are not fully resolved and there is still the possibility that his convictions will be overturned, leaving him no recourse to reinstate said parental rights. Father's Brief at 12. We find this argument to be without merit. At the termination hearing, CYS presented the testimony of its caseworker, who identified each of the exhibits which were then offered into evidence, including the verdict slips indicating "guilty" for each of the seven counts against him, the sentencing orders, and the sexual offender notification for a Tier III sexual offense. CYS Exhibits 4-6; N.T. at 9-10. In its opinion, the orphans' court found this evidence

sufficient pursuant to 23 Pa.C.S. § 2511(a)(10) to involuntarily terminate the parental rights of…[Father] having been convicted by a jury [on July 10, 2019] of rape, involuntary deviate sexual intercourse, aggravated indecent assault, and indecent assault. The victim in the criminal actions was [Father's] biological daughter, [D.A.]. 23 Pa.C.S. § 2511(a)(10) provides authority to terminate parental rights as to the victim, [D.A.], and to other children of the convicted parents, here [P.A.] and [G.A.].

Orphans' Court Opinion at 6.

"By its plain language, the Adoption Act only requires the petitioner to introduce proof of the parent's **conviction**, not proof of the facts underlying the parent's guilt." ***Interest of M.E.***, 283 A.3d 820, 831 (Pa. Super. 2022) (holding father's aggravated assault conviction, following a *nolo contendere* plea, considered competent evidence to establish grounds to terminate parental rights pursuant to Section 2511(a)(9)(ii)) (emphasis supplied). Here, CYS submitted proof of Father's convictions of seven criminal offenses, including rape, involuntary deviate sexual intercourse, aggravated indecent assault and indecent assault. Pursuant to Section 2511(a)(10) and Section 6303 incorporated therein, the jury's finding that Father was guilty of those crimes constitutes a judicial adjudication based on a finding of "sexual abuse or exploitation." 23 Pa.C.S. §§ 2511(a)(10), 6303(a).

In its opinion, the orphans' court addressed the question of timing as to when a criminal conviction for sexual abuse may be used to involuntarily terminate parental rights, noting that Section 2511(10) requires a "judicial adjudication" as defined in the "founded report" in Section 6303(a), and the "judicial adjudication" occurred on July 18, 2019, the date of sentence. ***See***

Orphans' Court Opinion at 6. In ***In the Interest of K.E.E.***, 240 A.3d 910 (2020) (unpublished memorandum), our Court previously acknowledged that there is not a wealth of caselaw concerning challenges to the sufficiency of the evidence regarding termination of a parent's rights pursuant to Section 2511(a)(9), the ground for termination based upon a conviction for delineated offenses, including aggravated assault, against the parent's child.[7] Similarly, there is a dearth of caselaw regarding challenges to the companion grounds for termination set forth in Section 2511(a)(10). We find our Court's decision in ***K.E.E.***, albeit non-precedential,[8] to be instructive. In ***K.E.E.***, the mother was found by a court of competent jurisdiction to have committed aggravated assault, whereas here, Father has been found to have committed sexual abuse. In both cases, the parent argued that because their appeal from the conviction has not been finally resolved, clear and convincing evidence is lacking sufficient to satisfy the statutory grounds for termination. ***Id***. at *16. In ***K.E.E.***, our Court interpreted Section 2511(a)(9), and concluded that the

---

[7] Section 2511(a)(9) provides for the termination of parental rights after:

> (9) The parent has been convicted of one of the following in which the victim was a child of the parent:
>
> - - -
>
>     (ii) a felony under 18 Pa.C.S. § 2702 (relating to aggravated assault);

23 Pa.C.S. § 2511(a)(9).

[8] Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. ***See*** Pa.R.A.P. 126(b).

orphans' court did not abuse its discretion in concluding the agency had introduced clear and convincing evidence sufficient to find the mother had been convicted of aggravated assault of her child such that the requirements of the statute were satisfied. *Id.* at *22. Our Court acknowledged that the term "conviction" is not explicitly defined in the Adoption Act, but noted that "it is generally understood, for legal purposes, to refer to a judgment of sentence entered after a finding of guilt or entry of a plea." *Id.* at *20. *See also Commonwealth v. Hale*, 85 A.3d 570, 582 (Pa. Super. 2014) ("Succinctly put, without a sentence, a verdict or plea generally was not a 'conviction' under Pennsylvania law.").

The *K.E.E.* court stated:

> When specifying that courts may terminate parental rights for convictions of certain crimes, the legislature made no mention of the appellate process. The legislature specifically did not require a final judgment of sentence, as it did in the requirements for jurisdiction to file a petition seeking Post Conviction Relief. *See* 42 Pa.C.S.A. § 9545. Accordingly, the Domestic Relations Code, which specifies a conviction, is not ambiguous and when "the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *G.A.P.* [*v. J.M.W.*, 194 A.3d 614,] 616-617 [(Pa. 2018)].

*K.E.E.,* unpublished memorandum at *21. Both the orphans' court here and the *K.E.E*. court correctly observed that because "we presume the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable and does intend to favor the public interest over any private interest," we cannot come to the conclusion that our legislature intended to force our lower courts to wait to issue termination decrees until a parent could

- 11 -

potentially exhaust all avenues of appeal and post-conviction review, a process that could take years. *See G.A.P.*, 194 A.3d at 616-17.

Accordingly, we find that the evidence of Father's guilty verdict for rape, involuntary deviate sexual intercourse, aggravated indecent assault and indecent assault and accompanying judgment of sentence presented at the hearing constituted clear and convincing evidence of grounds for termination under Section 2511(a)(10), and the orphans' court did not abuse its discretion in finding such.

Father does not challenge the orphans' court's conclusion under Section 2511(b). At the hearing, the caseworker testified that the Children were adjudicated dependent over five years ago, and have remained in their respective placements since 2018. The Children are doing well, and are receiving treatment as a result of the trauma caused by the sexual abuse inflicted by their parents. N.T. at 11-12. The caseworker testified that the Children have suffered no adverse effects from not having seen their parents since 2018, and all three have bonded with their respective families, which are both prospective adopters. *Id*. at 13. D.A. sees P.A. and G.A. every other month, and the Children communicate via video facetime calls two times per month. *Id*. at 14. The court found no familial bond with either parent and determined that the severance of parental rights would allow permanency for the Children; the court further concluded that their foster care families had provided them a safe, stable home, with continued love, protection and support. Orphans' Court Opinion at 23. The credited testimony supports the

orphans' court conclusion that it would best serve the needs and welfare of the Children to terminate Father's parental rights pursuant to Section 2511(b). Accordingly, the orphans' court did not err in terminating Father's parental rights concerning the Children.

Decrees affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2022